IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC DEWITT DUNSEN                      *
      Petitioner
    v.                                  *      CIVIL ACTION NO. PJM-06-2427

JOHN P. GALLEY, WARDEN                  *
      Respondent
                             ***

## MEMORANDUM OPINION

The above-captioned application for habeas corpus relief, dated September 14, 2006, was received for filing on September 18, 2006.   The Court has considered Respondent's Limited Response and Petitioner's Reply.  Paper Nos. 4 & 6.  For reasons to follow, the Petition shall be denied and dismissed as time-barred.

## I.  Procedural History

Petitioner was convicted by a jury in the Circuit Court for Harford County of possession of cocaine and possession of cocaine with the intent to distribute.  Paper No. 1 at 2; Paper No. 4, Exs. 1 & 2.  On March 11, 1996, Judge Cypert O. Whitfill sentenced Petitioner to a 30-year term with all but 20 years suspended and 5 years probation, the first 10 years of the 20-year term were to be served with the possibility of parole.  *Id*.  Petitioner appealed.[1]  On February 5, 1997, the Court of Special Appeals of Maryland affirmed the convictions.   Paper No. 4; Ex. 1.   A writ of certiorari was granted  by the Court of Appeals of Maryland on April 16, 1997, resulting in the case being remanded to the Court of Special Appeals.  *Id*.  On February 9, 1998, the Court of Special Appeals

---

[1]      While the direct appeal was pending, Petitioner, on June 11, 1996, filed a post-conviction petition.  (Paper No. 10, Ex. 1).  The petition was voluntarily withdrawn by motion on September 4, 1996, due to the pendency of the direct appeal.

affirmed Petitioner's convictions, but vacated his sentence and remanded the case to the circuit court for re-sentencing.  Paper No. 4, Ex. 2.  On July 28, 1998, Circuit Court Judge Thomas E. Marshall sentenced Petitioner to 20 years, with the first 10 years to be served without the possibility of parole. *Id*., Ex. 1.  Petitioner did not appeal his re-sentencing.

On January 13, 1997, Petitioner again filed his post-conviction petition and then withdrew it in November of 1997.  *Id*.  On May 4, 1998, Petitioner filed a post-conviction petition.  *Id*.  After several continuances, Petitioner filed a motion to voluntarily withdraw his petition.    This was granted on February 1, 2001.  *Id*.

On August 8, 2001, Petitioner again filed for post-conviction relief.  *Id*.  After conducting hearings, Harford County Circuit Court Judge William O. Carr denied the petition for post-conviction relief on December 13, 2004.  *Id*.  A supplemental opinion denying post-conviction relief was filed by the circuit court on March 5, 2005.  *Id*.  Petitioner's application for leave to appeal was denied by the Court of Special Appeals on December 13, 2005.  *Id*., Ex. 3.  The mandate was issued on January 17, 2006.  *Id*.

## II.  Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, a defendant convicted in state court on a non-capital offense is subject to a 1-year statute of limitations.  *See* 28 U.S.C. § 2244(d).[2]

---

[2]     This section provides:

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the

2

Petitioner's convictions became final on August 27, 1998, when the time for filing an appeal of his

re-sentencing expired.  The limitations period began to run on August 28, 1998.

The 1-year limitations period is subject to statutory tolling during the time a properly filed

application for state post-conviction review or other collateral proceeding is pending.  *See* 28 U.S.C.

§ 2244(d) (2).   The record shows that while Petitioner filed several post-conviction applications,

no properly filed state collateral challenges to his convictions were pending from February 2, 2001,

---

time for seeking such review;

(B)    the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State
action;

(C)    the date on which the constitutional right
asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on
collateral review; or

(D)    the date on which the factual predicate of the
claim or claims presented could have been discovered
through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

to August 7, 2001 (187 days) and from January 18, 2006,[3] to September 13, 2006 (239 days), a total

period of 426 days.   This Petition was filed 61 days beyond the 1-year limitations period.

### III.   Conclusion

Petitioner's reply provides no sound argument as to why he is entitled to tolling of the

limitations period.[4]  The Petition is time-barred and shall be dismissed by separate Order.


Date: 11/20/06                                                        /s/
                                                              PETER J. MESSITTE
                                                      UNITED STATES DISTRICT JUDGE

---

[3]       Petitioner notes that after the Court of Special Appeal of Maryland denied his application for leave to appeal the post-conviction court's decision, he filed a writ of certiorari which was denied by the Court of Appeals of Maryland on April 14, 2006.  Paper No. 1 at 5. The Court of Appeals, however, had no jurisdiction to grant such a writ, given the summary and discretionary denial of the application for leave to appeal by the intermediate appellate court without briefs or argument. *See Sherman v. State,* 323 Md. 310, 311 (1991) (Court of Appeals of Maryland has no certiorari jurisdiction to grant post-conviction relief when the Court of Special Appeals has simply denied an application for leave to appeal in a post-conviction proceeding); Md. Code. Ann., Cts. & Jud. Proc. Art., § 12-202 (1) (review by way of certiorari may not be granted by the Court of Appeals in a case or proceeding in which the Court of Special Appeals has denied or granted leave to prosecute an appeal in a post-conviction proceeding).  Therefore, for purposes of § 2244(d)(2) review the post-conviction process became final on January 17, 2006, the date the Court of Special Appeals issued its mandate.

[4]       In his Reply, Petitioner argues that his Petition is not time-barred.  Paper No. 7.  He asserts that as the Court of Appeals of Maryland denied certiorari from the denial of his post-conviction appeal on April 14, 2006, the limitation period was subject to statutory tolling through that date, and only 341 days of the 1-year limitations period had lapsed. *Id.*, Ex. 1.  For reasons previously discussed by this Court, *see infra* n. 3, the undersigned finds that the writ of certiorari was not a "properly filed" pleading for purposes of tolling the limitations period under § 2244(d)(2).